No. 990.   Kairson *v.* Puckhaber.   November Term, 1880.   This was an action tried before Thomson, J., to recover possession of a lot of land which, it was admitted, originally belonged to the city council of Charleston.   The plaintiffs claimed as purchasers from one Ford, who, it was alleged, bought the land at sheriff's sale on June 3d, 1872, under an execution issued to enforce a judgment recovered by one Whiting against the city council of Charleston.   Upon this execution is the following endorsement by the sheriff: " Received 2d January, 1872," with the word " January " erased and the word " April " substituted.   The defendant claimed under a deed made by the commissioners of the sinking fund of the city of Charleston, together with the city council of Charleston, bearing date November 20th, 1879, alleging that the lot of land in dispute, along with several others, had been specially appropriated by the city council of Charleston to the payment of certain stocks of the city, issued in 1818, 1824, 1838 and 1839, by virtue of a certain declaration of trust, executed by the city council of Charleston on August 22d, 1842, and duly recorded.

When the plaintiffs closed their case a motion for a non-suit was made upon three grounds: *First.* Because there was no legal proof of a levy and sale. *Second.* That if a levy had been made, it was not made until after the execution had lost its active energy, and was, therefore, void. *Third.* Because the evidence

was not sufficient to authorize a verdict. The counsel for the plaintiffs then asked and obtained leave to introduce further evidence to show that there was a levy. To this counsel for defendant objected, contending that after a motion for a non-suit had been made, the Circuit judge had no right to open the case and permit the introduction of further evidence.

There were also exceptions by defendant to the judge's charge and refusals to charge. Verdict was for plaintiff. Defendant appealed. This court *held*—

1. That it was within the discretion of the Circuit judge to admit the additional testimony. *Browning* v. *Huff*, 2 *Bail.* 179; *Poole* v. *Mitchell*, 1 *Hill* 404; *Mathews* v. *Heyward*, 2 *S. C.* 247.

2. Judgment, execution, levy and sale were alleged in the complaint, and the levy and sale were admitted in the answer; it was necessary for plaintiff to prove the judgment and execution, but not the levy and sale.

3. The Circuit judge was correct in holding, as a matter of fact, that the proper date of the sheriff's entry was April 2d, there being no evidence of misconduct by the sheriff in making the erasure of the earlier date.

4. There was sufficient evidence of title to submit the question to the jury.

5. The deed to Ford was not recorded, Ford's deed to plaintiffs was; the Circuit judge did not err in charging the jury that express notice, or such facts as should put a party upon inquiry which would lead to notice, would answer the same purpose as recording, and that possession was notice.

6. Misstatements or misconstructions of the testimony by the judge, should properly be brought to his attention at the time, or submitted to him on motion for new trial.

7. The Circuit judge erred in charging the jury that stock substituted in place of the original stock would not be covered by the declaration of trust. Whether there had been such substitution should have been submitted to the jury: the judge would not have been justified in charging that the outstanding stocks were in substitution of the original issue.

8. Such declaration of trust was not an ordinary mortgage, but rather in the nature of a mortgage with power of sale, " which, when properly executed, confers good title even against intervening liens." New trial granted. Opinion by McIver,

628 · NOTES OF UNREPORTED CASES.

A. J., March 9th, 1881.  *Hayne & Ficken*, for appellants. *Campbell & Whaley*, contra.